UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 17-CR-00179 |
| VERSUS | JUDGE DRELL |
| ANTHONY MEAUX | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Currently pending before this Court is the defendant's motion to suppress, which seeks to suppress any evidence seized and statements made as a result of the search conducted on a vehicle that he was driving at the time he was arrested for violation of a state law. [Rec. Doc. 25]. The motion is opposed. [Rec. Doc.29]. An evidentiary hearing was held on October 19, 2017. Testifying for the Government was Louisiana Probation and Parole Agent Brad Poole. For the following reasons, the Court recommends that the motion be denied.

### BACKGROUND

As a result of a simple burglary conviction, the defendant Anthony Meaux was on parole supervision by the Louisiana Probation and Parole Office until September 9, 2019. Meaux's parole officer was Agent Brad Poole. On December 20, 2016, Agent Poole received information from Detective Comeaux with the Crowley Police Department that he was in the process of getting an arrest warrant for Meaux for the unauthorized use of a movable and that Meaux was the lead suspect in a recent armed

robbery investigation. Agent Poole went to Meaux's mother's home that evening, however, Meaux was not home and Agent Poole left word for Meaux to report to Poole's office the following day. The Crowley Police Department provided the arrest warrant to Agent Poole. On December 21, 2016, Meaux drove to the Lafayette Probation and Parole office in his girlfriend's vehicle. While at the office, Agent Poole arrested Meaux pursuant to the warrant. Agent Poole placed Meaux in handcuffs and conducted a search of his person by removing everything from his pockets. After Meaux was arrested, he received permission to call his girlfriend.

Agent Poole held the telephone for Meaux for the duration of the call. During the call, Agent Poole became suspicious because: (1) Meaux appeared nervous, which was unusual based on their prior interactions which dated back for a significant period of time; (2) Meaux was very adamant that his girlfriend needed to pick up the vehicle from the Probation and Parole office; and (3) During Agent Poole's prior experience, he never witnessed someone so adamant that a vehicle needed to be picked up immediately after they were arrested. After the phone call, Agent Poole searched the vehicle. At the time of the search, Agent Poole did not have a search warrant and was unaware of who owned the vehicle.

During the initial search of the interior of the car, Agent Poole found illegal narcotics and a digital scale with marijuana residue in the console. When confronted

with the narcotics, Meaux stated the vehicle was not his. Agent Poole secured the evidence in his office and called the Crowley Police Department to advise them that Meaux had been arrested. During the phone call, Officer Fontenot with the Crowley Police Department reminded Agent Poole that Meaux was the lead suspect in a recent armed robbery. After the phone call, Agent Poole returned to finish searching the vehicle and found a firearm in the trunk. Agent Poole testified that he would have returned to finish searching the vehicle regardless of the phone call with Officer Fontenot. Once the search was completed, Agent Poole checked the registration on the vehicle and learned it did not, in fact, belong to the defendant.

On July 13, 2017, Meaux was indicted on two counts of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). In this motion, Meaux contends that the search of his girlfriend's vehicle without a valid search warrant is a violation of his Fourth Amendment rights. The Government contends that the search of the vehicle is a lawful search pursuant to Meaux's status as a parolee and his conditions of parole.

## LAW AND ANALYSIS

**A. Warrantless Parole Search**

Generally, "the proponent of a motion to suppress has the burden of proving, by a preponderance of evidence, that the evidence in question was obtained in

3

violation of his Fourth Amendment rights," *United States v. Kelly*, 981 F.2d 1464, 1467 (5th Cir. 1993). However, the Government bears the burden of proof that the search was valid when the search is conducted without a warrant. *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005).

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Although as a general matter, warrantless searches 'are per se unreasonable under the Fourth Amendment,' there are 'a few specifically established and well-delineated exceptions' to that general rule." *City of Ontario v. Quon*, 560 U.S. 746, 760 (2010) *quoting Katz v. U.S.*, 389 U.S. 347, 357 (1967). The Government contends that the warrantless search of the vehicle was valid because it was conducted pursuant to Meaux's conditions of parole.

The Supreme Court has consistently upheld state statutes and probation and parole conditions that allow warrantless searches of a probationer or a parolee based on a less than probable-cause standard because of their diminished expectation of privacy. In *U.S. v. Knights*, 534 U.S. 112 (2001), the Court examined the totality of the circumstances to determine whether a warrantless search of a probationer's apartment, supported by reasonable suspicion, and authorized by a condition of his probation, was reasonable under the Fourth Amendment. The Court recognized that

"inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled" and "a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." *Id.,* at 119. The Court also recognized that the defendant was clearly informed that his expectation of privacy was diminished because his probation order set out the terms of his probation. *Id.* The Court concluded that warrantless searches are necessary to promote legitimate government interests because "'the very assumption of the institution of probation' is that the probationer 'is more likely than the ordinary citizen to violate the law.'" *Id.,* at 120 quoting *Griffin v. Wisconsin*, 483 U.S. 868, 880 (1987). Therefore, the Court held that the warrantless search was reasonable under the Fourth Amendment, but noted that the probation search condition was a salient circumstance. *Id.,* at 118.

In *Samson v. California*, 547 U.S. 843 (2006), the Court examined whether a warrantless suspicionless search of a parolee conducted pursuant to a California law that requires parolees to agree to searches or seizures at anytime is reasonable under the Fourth Amendment. When addressing the privacy rights of a parolee, the Court stated that "parolees have fewer expectations of privacy than probationers" because "the essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the

sentence." *Id.,* at 850. Like in *Knights,* the Court again recognized that the defendant's search condition was expressed to him and he was clearly aware that he had a diminished expectation of privacy. When addressing the interests of the State, the Court found that the State has an "overwhelming interest in supervising parolees because 'parolees...are more likely to commit future criminal offenses.'" *Id.,* at 853 quoting *Pennsylvania Bd. of Probation and Parole v. Scott* 524 U.S. 357, 365 (1998). After balancing the parolee's privacy interest and the State's interest, the Court held that the warrantless suspicionless search did not violate the Fourth Amendment. *Id.,* at 857.

Under Louisiana law, the committee on probation and parole may require a parolee to conform to certain conditions, such as "searches of person, property, residence, or vehicle, when reasonable suspicion exists that criminal activity has been engaged in while on parole." La. R.S. 15:574.4.2(A)(2)(I). In this case, as a condition of parole, Meaux agreed to, "searches of my person, property, residence, and/or vehicle, when reasonable suspicion exists that I am or have been engaged in criminal activity." Govt. Exh. 1. Meaux contends that the search of the vehicle is a violation of the Fourth Amendment because his conditions of parole do not allow a warrantless search of a vehicle when he is not the owner of the vehicle. Therefore, the threshold issue before the Court is whether the interpretation of Meaux's condition of parole

is limited to only vehicles where he is the owner of the vehicle or whether it extends to vehicles that are in his possession.

This Court finds that the most reasonable interpretation of Meaux's condition of parole extends to any vehicle that in his possession and control where he could assert a reasonable expectation of privacy as if he was the owner of the vehicle. Meaux agreed to searches based on reasonable suspicion, which indicates his acknowledgment of his diminished expectation of privacy as a parolee. Meaux does not contend that he was unaware of his conditions of parole or his diminished expectation of privacy. Meaux merely contends that his parole condition does not apply because he is not the owner of the vehicle that was searched. However, Meaux's interpretation of his parole condition would mean that he has a heightened expectation of privacy in things that he does not claim an ownership interest in than he would if he actually had ownership, which is contrary to the purpose of the parole condition and the well established jurisprudence that a parolee has a diminished expectation of privacy.

Furthermore, it was uncontested that Meaux has standing to challenge the search of his girlfriend's vehicle because the driver of a borrowed vehicle has a reasonable expectation of privacy that is protected from government intrusion. *See United States v. Ponce*, 8 F.3d 989, 994 (5th Cir. 1993). Meaux's standing to challenge

the constitutionality of the search essentially defeats his argument. As a driver of a borrowed vehicle, he is claiming to have a reasonable expectation of privacy as if he is the owner, but then asserting that this expectation of privacy is not diminished by his status as a parolee and his conditions of parole.

In *U.S. v. Taylor*, 482 F.3d 315 (5th Cir. 2007), the Fifth Circuit addressed a similar issue regarding a defendant challenging the search of his girlfriend's apartment pursuant to a condition of his supervised release because his girlfriend's apartment was not "his" residence. The defendant agreed to certain conditions for supervised release, which included that he was "subject to search of his person, residence, or vehicle by his Field Officer or any other law enforcement officer at any time." *Id.,* at 316. The defendant was located at his girlfriend's apartment and arrested pursuant to a misdemeanor arrest warrant. *Id.,* at 317. As a result, his girlfriend's apartment was searched pursuant to his supervised release condition and a handgun was discovered. *Id.* The Fifth Circuit recognized that the defendant, as an overnight houseguest, had standing to challenge the search of the apartment because he was entitled to the same Fourth Amendment protections in his girlfriend's apartment that he would receive in his own home. *Id.,* at 318-319. Therefore, the Fifth Circuit held that the search did not violate the Fourth Amendment because it was conducted

pursuant to the defendant's supervised release condition, which allowed the defendant's residence to be searched at anytime. *Id.,* at 319.

The holding in *Taylor* stands for the proposition that a person who has a diminished expectation of privacy cannot assert a heightened expectation of privacy because he does not claim an ownership interest in the object of the search. To the contrary, a person with a diminished expectation of privacy is limited to asserting only the same rights they could assert as if they were the owner of the thing searched.

Meaux was the driver and sole possessor of his girlfriend's vehicle at the time of the search. While Meaux can challenge the constitutionality of the search because he was the driver of a borrowed vehicle, he can only assert the same rights he could assert as if he was the owner of the vehicle. Meaux's rights to challenge the search are limited by his status as a parolee and his parole condition that establishes he has a diminished expectation of privacy in his vehicles. Having concluded that Agent Poole could conduct a warrantless search pursuant to Meaux's conditions of parole, Meaux's ability to challenge the search is limited to whether Agent Poole had reasonable suspicion that Meaux was engaged in criminal activity.

**B. Reasonable Suspicion**

"Reasonable Suspicion" requires that a parole officer shall be able "to point to specific and articulable facts that, taken together with rational inferences from those

facts, reasonably warrant a belief... that a condition of parole has been or is being violated." *U.S. v. Scott*, 678 F.2d 32, 35 (5th Cir. 1982). In this case, Agent Poole had reasonable suspicion that Meaux violated a condition of his parole because: (1) He had just arrested Meaux on an active arrest warrant for unauthorized use of a movable (a vehicle); (2) he witnessed a phone call between Meaux and his girlfriend where Meaux appeared visibly nervous and repeatedly emphasized that his girlfriend needed to quickly come pick up the vehicle at the Probation and Parole office; and (3) he was aware that Meaux was the lead suspect in a recent armed robbery investigation.[1]

These facts, whether considered together or separate, establish that Agent Poole had reasonable suspicion to conduct a search of the vehicle. At the hearing, Meaux argued that Agent Poole's continuation of the search after his phone call with Officer Fontenot was a subterfuge for the Crowley Police Department's armed robbery investigation. However, Agent Poole testified that his search was a continuous search because it was always his intention to finish the search after he secured the evidence he discovered in the interior of the vehicle. Therefore, this Court finds that Agent Poole's search of the vehicle was a continuous and lawful search.

---

[1] The Fifth Circuit has upheld the validity of warrantless parole officer searches when reasonable suspicion is based on information received from law enforcement officers. See *U.S. v. Keith*, 375 F.3d 346, 351 (5th Cir. 2004).

Furthermore, this Court finds that the discovery of the handgun was inevitable and would not be suppressible regardless of whether Agent Poole was influenced by Officer Fontenot to search for a handgun. During Agent Poole's initial search of the vehicle, he discovered illegal narcotics that are completely unrelated to the Crowley Police Department's armed robbery investigation. Agent Poole's discovery of illegal narcotics in the vehicle established probable cause to search the entire vehicle or seize the vehicle to conduct an inventory search. Therefore, the discovery of the handgun was an inevitable consequence of Agent Poole's discovery of the illegal narcotics regardless of his phone call with Officer Fontenot. Thus, there would be no benefit to the exclusion of the firearm even if Agent Poole was influenced to search for a firearm after his phone call with Officer Fontenot.

## **CONCLUSION**

Based on the foregoing reasons, it is recommended that the Meaux's motion to suppress (Rec. Doc. 25) should be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 27th day of October 2017.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE