UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 17-cr-179-01-01 |
| –vs– | JUDGE DRELL |
| ANTHONY JOSEPH MEAUX (01) | MAGISTRATE JUDGE PATRICK J. HANNA |

## RULING AND ORDER

Before the court is a motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by defendant Anthony Joseph Meaux ("Defendant" or "Meaux"). Doc 115. For the following reasons, it is **DENIED**.

### I. BACKGROUND

During the events leading to Meaux's instant incarceration, Meaux was under the parole supervision of Agent Brad Poole ("Poole") of the Louisiana Probation and Parole Office. On December 20, 2016, the Crowley Police Department informed Poole that a warrant for Meaux's arrest was forthcoming because Meaux was suspected in an armed robbery and a stolen vehicle. Poole was unable to locate Meaux but left a message with his mother to have Meaux report to Poole's office the following day.

On December 21, 2016, Meaux drove in his girlfriend's vehicle to Poole's office where Poole arrested Meaux pursuant to the warrant. Afterwards, Poole searched Meaux's person and gave Meaux permission to call his girlfriend. Poole, holding the telephone for Meaux during the phone call, observed Meaux's nervous demeanor and

adamant request to have his vehicle retrieved from the Probation and Parole Office. Finding this behavior suspicious, Poole conducted a search of the vehicle.

During an initial search, Poole found narcotics and a scale with marijuana residue. When confronted, Meaux stated the vehicle was not his. Poole then called the Crowley Police Department to advise them that Meaux had been arrested. After the call, Poole returned to finish searching the vehicle and found a firearm in the trunk. Poole did not inform Meaux about the discovery of the firearm. Subsequently, Meaux was transported to a local jail facility.

Using a jail telephone whose audio was recorded and preserved for evidence and before he was informed that a gun was discovered in the vehicle, Meaux told his girlfriend, "Don't let nobody drive that car; I got my gun in the trunk." Meaux was eventually informed that a gun was discovered in the vehicle. In subsequent calls also recorded and preserved for evidence, Meaux asked his girlfriend to claim ownership of the gun. When she denied claiming her own felony status, Meaux requested the identity of another without a felony conviction who could claim ownership of the gun. It was clear from the later audio recordings that Meaux sought another to claim ownership of the gun so that any ensuing charges of felon in possession of a firearm would be dropped.

On July 13, 2017, a 2–count indictment was filed naming Meaux as the sole defendant. Each count charged that Meaux violated 18 U.S.C. §§ 922(g)(1) and 924(e) as a felon in possession of a firearm. Federal Public Defender Wayne Blanchard

("Blanchard") was appointed to represented Meaux. However, by September 13, 2017, Meaux expressed his intent to retain the counsel of another.

Nonetheless, Blanchard assisted Meaux in filing and arguing a motion to suppress evidence discovered by Poole when searching Meaux's girlfriend's car. Meaux argued that (1) a special condition of supervised release imposed on Meaux limited the government's ability to search subject to reasonable suspicion only those properties or vehicles belonging to Meaux and (2) that probable cause is required to search properties or vehicles not belonging to Meaux. We disagreed and found in response that (1) such a limited reading of the special condition would undermine the role of supervision and (2) the special condition extends the government's ability to search subject to reasonable suspicion into any area in which a supervisee has a reasonable expectation of privacy. Disappointed by the outcome, Meaux requested that Blanchard withdraw. Criminal Justice Act panel attorney Randal P. McCann ("McCann") was subsequently appointed to represent Meaux.

Within two weeks of trial, Meaux filed *pro se* a motion to dismiss and a motion to reconsider the denial of the motion to suppress each arguing the legality of the government's search of Meaux's girlfriend's vehicle. The motions were denied. Meaux then plead guilty to the second count of felon in possession of a firearm. Neither the plea packet nor the guilty plea colloquy addressed Meaux's knowledge of his status. Meaux was then sentenced to three hundred (300) months imprisonment and three (3) years of supervised release.

McCann filed a notice of appeal on behalf of Meaux, and Meaux retained Eddie J. Jordan, Jr. ("Jordan") as counsel for appeal. The Supreme Court issued its opinion in Rehaif v. United States after Meaux pled guilty but well before the Fifth Circuit issued its opinion on Meaux, and in that opinion the Supreme Court held that the statutory text of 28 U.S.C. §§ 924(a)(2) requires the government to prove that a defendant possessed knowledge of his status under §922(g). 139 S. Ct. 2191 at 2195 – 2196. On appeal, Jordan argued the legality of the government's search of Meaux's girlfriend's vehicle but never raised the Rehaif error. The Fifth Circuit affirmed our judgment concluding that the search of Meaux's girlfriend's vehicle was a lawful parole search. United States v. Meaux, 797 F. App'x 892, 893 (5th Cir. 2020).

Presently, Meaux moves to vacate his sentence pursuant to 28 U.S.C. § 2255. The grounds upon which he moves rely on the Supreme Court's decision in Rehaif. As such, Meaux claims that his plea was involuntary and unintelligent, that he is actually innocent because he was convicted of a nonexistent offense, and that his appellate counsel Jordan was ineffective for failing to raise the Rehaif claim.

II. LAW

A collateral challenge may not do as a substitute for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982). After conviction and exhaustion or waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. See United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991), cert. den., 502 U.S. 1076 (1992). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in

habeas only if the defendant can first demonstrate either cause [for the procedural default] and actual prejudice or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622, (1998) (internal citations omitted). A claim may not be reviewed under § 2255 absent a showing of cause and prejudice or actual innocence. United States v. Cooper, 548 F. App'x 114, 116 (5th Cir. 2013); United States v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991).

Claims of ineffective assistance of counsel, if substantiated, may satisfy the cause and prejudice standard. United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995). In a motion to vacate sentence for ineffective assistance of counsel, the defendant has the burden of proof. See United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999) (citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir. 1994), cert. den., 513 U.S. 966 (1994)). To prevail on his motion, Meaux must satisfy the two–pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984): (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. The Strickland standard applies to claims of ineffective assistance by both trial and appellate counsel. See Goodwin v. Johnson, 132 F.3d 162, 170 (5th Cir. 1997) (citing United States v. Merida, 985 F.2d 198, 202 (5th Cir.1993)).

"In the appellate context, the prejudice prong requires a showing that the [Fifth Circuit] would have afforded relief on appeal." United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). A claim not raised in the district court is subject to the plain error standard of review if raised on appeal. FED. R. CRIM. P. 52(b). Plain

5

error review applies if the claim was unavailable when the defendant was in district court. See United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020), cert. denied, No. 20–5489, 2021 WL 2519200 (U.S. June 21, 2021) (citing FED. R. CRIM. P. 52(b)). See also United States v. Hicks, 958 F.3d 399, 400–01 (5th Cir. 2020), cert. denied, No. 20–5959, 2021 WL 2519222 (U.S. June 21, 2021). To reverse under plain error review, a defendant must demonstrate, among other things, that an error affected his substantial rights. See United States v. Gomez, 905 F.3d 347, 352–53 (5th Cir. 2018). In the context of Rehaif error, Meaux's substantial rights have been affected if "there is a reasonable probability that he would not have pled guilty had he known of Rehaif." Hicks, 958 F.3d at 402; Lavalais, 960 F.3d at 187.

As an initial matter, it is unclear from Meaux's § 2255 motion whether his Rehaif claim is one of ignorance of his status or one of ignorance of a prohibition against felons possessing any firearms. In various parts he pleads one or the other, and in other parts it is not entirely clear which he pleads. However, it is clear from the Supreme Court's decision in Rehaif that the latter is foreclosed as a defense. 139 S. Ct. at 2198. See also United States v. Trevino, 989 F.3d 402, 405 (5th Cir. 2021). Accordingly, we move forward on Meaux's § 2255 motion to the extent his Rehaif claim is one of ignorance of his status as a person convicted of "a crime punishable by imprisonment for a term exceeding a year." 18 U.S.C. § 992(g)(1).

## III. ANALYSIS

Meaux cannot show that "there is a reasonable probability that he would not have plead guilty had he known of Rehaif." United States v. Hicks, 958 F.3d 399, 402

(5th Cir. 2020), cert. denied, No. 20–5959, 2021 WL 2519222 (U.S. June 21, 2021); Lavalais, 960 F.3d at 187. Demonstrating that a Rehaif error affected a criminal defendant's substantial rights is "difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons." Lavalais, 960 F.3d 180, 184 (5th Cir. 2020), cert. denied, No. 20–5489, 2021 WL 2519200 (U.S. June 21, 2021). The evidence from which Meaux's knowledge can be inferred is overwhelming. See Rehaif, 139 S. Ct. at 2198 (citing Staples v. United States, 511 U.S. 600, 615, n. 11 (1994)).

Meaux's criminal history illustrates that he was sentenced and incarcerated for more than one year more than one time. PSR ¶¶ 38–46. See Rehaif, 139 S. Ct. at 2209 ("Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants.") (Alito, J., dissenting). Further, Meaux's knowledge of not only his status but also of his possession of a gun is unambiguously evident from his telephonic conversations with his girlfriend from the jail. In the earlier call Meaux states the following, "Don't let nobody drive that car; I got my gun in the trunk." This statement establishes that Meaux knew he possessed a gun. However, because possession of a gun alone is not illegal, it can be reasonably inferred that Meaux knew he was prohibited from possessing a gun, the most likely reason for which would have been Meaux's status as a felon.

Against this evidentiary backdrop and Fifth Circuit jurisprudence considering on direct appeal the effect of Rehaif errors on similar defendants, we cannot conclude that the Fifth Circuit would have sided in Meaux's favor if Meaux's appellate counsel had raised the Rehaif error on appeal. See e.g. Hicks, 958 F.3d 399; Lavalais, 960 F.3d 180.

Meaux's remaining avenue is to demonstrate actual innocence. Meaux makes such a claim as someone convicted of a nonexistent offense. However, for a defendant to succeed on such a claim, the Fifth Circuit requires some evidence or argument to support the conclusion that the defendant has not violated the elements of the criminal statute as interpreted by intervening Supreme Court precedent. See Abram v. McConnell, 3 F.4th 783, 785–86 (5th Cir. 2021) (analyzing a Rehaif claim under the savings clause of §2255(e)). Meaux is guilty of 18 U.S.C. § 922(g)(1) if he (1) knowingly possessed a gun, and (2) knew he was a felon when he possessed that gun. The evidence before this court clearly and unambiguously sets out that Meaux knew he possessed a gun and that he knew he was a felon when he possessed that gun. Nothing Meaux presents in the instant motion undermines this evidence.

## IV. CONCLUSION

The for reasons explained above, it is hereby **ORDERED** that Meaux's motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 115) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 26th day of August 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT

9