# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 17-cr-179-01** |
| **-vs-** | **JUDGE DRELL** |
| **ANTHONY JOSEPH MEAUX (01)** | **MAGISTRATE JUDGE HANNA** |

### RULING AND ORDER

Before the court are two motions filed by *pro* se defendant Anthony Joseph Meaux ("Meaux"). The first motion is a motion for reconsideration of the court's December 30, 2024 order (Doc. 143) denying Meaux's "Motion to Amend or Modify [Sentence] Pursuant to Rule 52(b) Plain Error." (Doc. 144). The second is a motion entitled "Motion for Summary Judgment Pursuant to Fed.R.Civ.P. Rule 55 and Fed.R.Civ.P. Rule 56(c)." (Doc. 147).

By way of background, Meaux filed his "Motion to Amend or Modify Pursuant to Rule 52(b) Plain Error" on December 27, 2024, asking (1) that the court to appoint an attorney to assist him with what he deemed an "illegally imposed ACCA enhancement" and (2) for the court to amend or correct the sentence for the same reason. (Doc. 142). On December 30, 2024, we issued an order denying the motion as to all requested relief.[1] In response, Meaux filed a procedurally improper motion for reconsideration. The motion is procedurally improper because it is filed

---

[1] Prior to the referenced motions, Meaux filed a motion to vacate his sentence pursuant to 18 U.S.C. §2255 (Doc. 115) arguing that (1) his plea was involuntary and unintelligent and (2) he was actually innocent. We denied relief on both grounds. (Doc. 120). Meaux filed a notice of appeal (Doc. 121) thereafter, but the notice was dismissed for want of prosecution (Doc. 130). Meaux then moved to reinstate his appeal, which the Court granted (Doc. 131), but the appeal was ultimately denied for failing to show entitlement to a certificate of appealability on constitutional claims (Doc. 132, 133).

In April 2024, Meaux filed a motion to reduce his sentence pursuant to USSC Amendment 821 but was denied relief as he was not entitled to a reduction as an armed career criminal. (Docs. 135 and 140).

pursuant to a civil rule of procedure though the matter which he wants the court to revisit is one he brought under a criminal rule of procedure.  Even if we were to revisit the prior ruling, we would come to the same conclusion.  Rule 52(b) is not the proper procedural vehicle to attack his sentence.

Similarly, the motion for summary judgment is not the proper means by which a federal criminal defendant should attempt to attack his sentence.

For these reasons, it is

ORDERED that the motion for reconsideration (Doc. 144) and the motion for summary judgment (Doc. 147) are DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this __30__ day of  October 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT